RITTERSHAUS v RITTERSHAUS

Docket No. 269052. Submitted November 16, 2006, at Detroit. Decided
January 4, 2007, at 9:00 a.m.

Karen O. Rittershaus brought an action for divorce against Terry O.
Rittershaus in the Wayne Circuit Court. The judgment of divorce
awarded the parties joint legal custody of their two minor children,
with the plaintiff being awarded physical custody and the defen-
dant receiving significant parenting time. The plaintiff later filed
a motion to change the children's domicile to Texas, and the
defendant moved for sole physical custody. Without determining
whether the change of domicile would result in a change of an
established custodial environment or making findings regarding
the best interests of the children, the trial court, Michael L. Stacey,
J., granted the plaintiff's motion, denied the defendant's motion,
and modified the parenting-time schedule. The defendant ap-
pealed.

The Court of Appeals *held*:

1. The trial court properly considered the factors set forth in
MCL 722.31(4) when deciding the plaintiff's motion to change the
children's domicile, and the evidence supports the trial court's
findings. However, the trial court erred in failing to determine
whether granting plaintiff's motion for a change of domicile would
result in a change of an established custodial environment, which,
in turn, would require consideration of the statutory factors used
to evaluate the best interests of the children.

2. The trial court erred in denying the defendant's motion for
a change of custody without considering the statutory factors used
to evaluate the best interests of the children. On remand, the trial
court must determine whether the current record is sufficient to
make the proper findings regarding the children's best interests,
and, if it is not, must hold a new evidentiary hearing.

Remanded for further proceedings.

*Gornbein, Fletcher & Smith PLLC* (by *Cheryl A.
Fletcher*), for the plaintiff.

*Woll & Woll, P.C.* (by *Jessica R. Woll* and *Trish Oleksa Haas*), for the defendant.

Before: WILDER, P.J., and KELLY and BORRELLO, JJ.

PER CURIAM. Defendant appeals as of right the trial court's order granting plaintiff's motion to change the domicile of the party's minor children from Michigan to Texas and denying his motion to change the standing custody order to award him sole physical custody. With respect to the trial court's order granting plaintiff's motion to change the domicile of the minor children, we remand for the trial court to make findings and a determination regarding whether an established custodial environment existed with respect to defendant. If the trial court finds that an established custodial environment existed with respect to defendant, then the trial court must conduct an inquiry into whether a change in domicile is in the minor children's best interests, MCL 722.23. With respect to the trial court's order denying defendant's motion to change custody, we likewise remand to the trial court to consider the best-interest factors of MCL 722.23. On remand, the trial court shall decide whether the existing record is sufficient to permit it to make these determinations or whether an additional evidentiary hearing will be conducted.

Plaintiff and defendant were divorced in February 2003, following a 13-year marriage. The parties met and married in plaintiff's hometown of Garland, Texas, but they moved to Michigan to accommodate defendant's employment. The parties had two children during their marriage: Carly Sue Rittershaus, born on May 24, 1995, and Clayton Aubrey Rittershaus, born on September 19, 1996. The judgment of divorce awarded the parties joint legal custody of the children, awarded plaintiff

physical custody of the children, and awarded defendant significant parenting time. The divorce was amicable, and the parties attempted to reconcile for nearly two years following the entry of the divorce judgment. When the reconciliation attempts ended, however, plaintiff wanted to return to Texas with the children. She filed a motion to change the children's domicile, arguing that she had more opportunities to find a teaching position in Texas. Defendant challenged the motion and sought to change the custody award to grant him sole physical custody. Defendant contended that plaintiff should find work locally and argued that the move would significantly impair his relationship with the children. The trial court considered these motions at a joint hearing. Thereafter, the court granted plaintiff's motion to move with the children to Texas. It denied defendant's motion to change the custody order and modified the parenting time schedule. This appeal followed.

Defendant first challenges the trial court's order granting plaintiff's motion to change the children's domicile. Generally, we review a trial court's determination regarding a motion to change the domicile of minor children under the "preponderance of the evidence" standard. *Brown v Loveman*, 260 Mich App 576, 594, 600; 680 NW2d 432 (2004).

> This Court reviews a trial court's findings in applying the *D'Onofrio*[1] test under the great weight of the evidence standard. This Court reviews a trial court's decision on a petition to change the domicile of a minor child for abuse of discretion. "An abuse of discretion is found only in extreme

---

[1] *D'Onofrio v D'Onofrio*, 144 NJ Super 200, 206-207; 365 A2d 27 (1976), adopted by the courts of this state in *Dick v Dick*, 147 Mich App 513, 517; 383 NW2d 240 (1985). See *Brown, supra* at 579 n 2. The New Jersey courts have since modified the test for determining whether a change in domicile should be granted. See *Holder v Polanski*, 111 NJ 344, 349-354; 544 A2d 852 (1988).

cases in which the result is so palpably and grossly violative of fact and logic that it evidences a perversity of will or the exercise of passion or bias." [*Brown, supra* at 600-601 (internal citations omitted).]

Change of a child's domicile following a judgment of divorce is governed by the *D'Onofrio* factors, which are codified at MCL 722.31(4). When a parent wishes to move with a minor child to a location more than 100 miles away, and the parent does not have sole legal custody, the trial court must consider the following factors, keeping the child as its primary focus:

(a) Whether the legal residence change has the capacity to improve the quality of life for both the child and the relocating parent.

(b) The degree to which each parent has complied with, and utilized his or her time under, a court order governing parenting time with the child, and whether the parent's plan to change the child's legal residence is inspired by that parent's desire to defeat or frustrate the parenting time schedule.

(c) The degree to which the court is satisfied that, if the court permits the legal residence change, it is possible to order a modification of the parenting time schedule and other arrangements governing the child's schedule in a manner that can provide an adequate basis for preserving and fostering the parental relationship between the child and each parent; and whether each parent is likely to comply with the modification.

(d) The extent to which the parent opposing the legal residence change is motivated by a desire to secure a financial advantage with respect to a support obligation.

(e) Domestic violence, regardless of whether the violence was directed against or witnessed by the child. [MCL 722.31(4).]

The trial court properly considered the *D'Onofrio* factors as codified at MCL 722.31(4) when deciding

plaintiff's motion to change the children's domicile in this case. The trial court's determination that the move to Texas had "the capacity to improve the quality of life for" plaintiff and the children, as provided in MCL 722.31(4)(a), comported with the evidence presented at the hearing. Having worked part-time jobs since the divorce, plaintiff remained unable to find full-time employment with health benefits. During that time, plaintiff had been offered only one full-time position, which was that of art teacher in the Detroit Public School system. Plaintiff asserted that she declined the offer because she could not find dependable child care within the 24-hour period she was given to accept or decline the position. Although defendant testified that he would have adjusted his work schedule to provide morning child care, such an arrangement appears impossible from defendant's own record testimony regarding his work schedule. Defendant also contends that plaintiff never provided concrete evidence that she had actually been offered a full-time teaching position in Texas. In response to this argument, the trial court conditioned its order on plaintiff's obtaining full-time employment in Texas. However, defendant never brought a motion in the trial court arguing that plaintiff had not met this requirement before moving out of state, and, therefore, there is no record evidence that plaintiff violated the court's order.

It is well established that the relocating parent's increased earning potential may improve a child's quality of life, see *Brown*, *supra* at 602, and the trial court so concluded in this case. The trial court also found that the children would be benefited by the presence of plaintiff's extended family in Texas. The children's grandparents, great-grandparents, aunts, uncle, and cousins all live in Rockwall, Texas, where plaintiff planned to move (and has since moved). The proximity

of these relatives would be instrumental to plaintiff in securing child care when needed. The evidence also supports the trial court's determination that Carly, who has a learning disability, would benefit from additional programs provided in the Rockwall School District.

With respect to MCL 722.31(4)(b), the evidence supports the trial court's findings that the parties had cooperated with regard to parenting time and that plaintiff's move to Texas was not "inspired by [her] desire to defeat or frustrate the parenting time schedule." Defendant admitted that plaintiff allowed him to visit without notice at any time. The parties both indicated that they readily traded parenting time to work around each other's schedules. Plaintiff accuses defendant of failing to utilize his full parenting time. However, such a characterization is unfair and inaccurate given the facts presented to us for consideration. The parties both testified that they attempted to reconcile between March 2003 and the end of 2004. During that time, defendant did not take the children for the school holidays and summer vacation time that he had been awarded because the family continued to celebrate holidays together and continued to take family vacations. After the reconciliation failed, defendant took the children on a ten-day vacation in August 2005 and increased his time alone with the children. It is also clear that plaintiff was not motivated by a desire to interfere with defendant's parenting time. The parties' relationship soured after plaintiff filed her motion to change the children's domicile. Plaintiff began accusing defendant of abuse, and defendant began accusing plaintiff of alcoholism. However, the parties were continually civil before the filing of that motion. There is simply no record of animosity on plaintiff's part before defendant challenged her attempt to move out of state.

Given the parties' past cooperation in relation to parenting time, the trial court also properly determined that the parties would comply with the modified parenting time order pursuant to MCL 722.31(4)(c). Plaintiff's father, Earl Hatten, testified that defendant had visited him twice in the past year while in Texas on business. Hatten admitted that his relationship with defendant had become strained during these proceedings, but testified that he would welcome defendant into his home at any time. There is no evidence that plaintiff would deny defendant access to the children any time he visited Texas given her past cooperation regarding visitation.

We agree with the trial court that it is "possible to order a modification of the parenting time schedule" in this case and adequately preserve and foster the parent-child relationship. MCL 722.31(4)(c). It is true that the change in domicile from Michigan to Texas will seriously impair defendant's ability to see his children several times a week as he now does. However, the children will come to Michigan for two extended visits each year—for one school holiday break and for half of the summer vacation. Defendant has been awarded unlimited parenting time with his children whenever he visits Texas. Furthermore, the separation can be diminished by the use of modern communication technology. Defendant will be able to e-mail his children and share photographs over the Internet. Defendant can see his children's faces while they communicate using a web cam, and defendant and the children can telephone each other on a daily basis.

The trial court made no finding regarding whether defendant's opposition to plaintiff's motion was motivated by "a desire to secure a financial advantage with respect to a support obligation" pursuant to MCL

722.31(4)(d). However, there is no evidence of such a motive on defendant's part. Moreover, plaintiff has never alleged that defendant challenged her attempts to move to Texas to avoid paying a larger amount of child support. In fact, defendant admitted that he was willing to continue paying alimony if plaintiff agreed to stay in Michigan.

The trial court noted that there was no "compelling evidence" of domestic violence or alcohol abuse between the parties, and we agree that the record supports this finding. There is absolutely no evidence that plaintiff abused alcohol besides defendant's unsupported allegation. Plaintiff presented the testimony of several witnesses that defendant had an "unpleasant" personality. However, one of these character witnesses regularly allowed her children to visit with the parties' children at defendant's house, provoking the trial court's comment that the witness's testimony could not be completely truthful. Furthermore, plaintiff's willingness to attempt reconciliation with defendant for almost two years undermines her allegations regarding defendant's abusive behavior.

Moreover, we conclude that, contrary to defendant's contention, the trial court did focus its deliberations on the children. It is true that the trial court's findings were based primarily on plaintiff's job offer in Texas. However, a parent rarely moves across the country solely for the children's best interests. In this case, plaintiff found employment in an area where her extended family lived and where Carly could participate in an innovative program for students with dyslexia. Plaintiff was not attempting to move to a distant location with no additional benefits to her children. Accordingly, the trial court did not inappropriately shift its focus.

We conclude that the trial court properly analyzed the *D'Onofrio* factors as codified at MCL 722.31(4) in

considering the change of domicile issue. However, we hold that the trial court erred in failing to determine whether granting plaintiff's motion for a change of domicile would result in a change of an established custodial environment, thus requiring the trial court to also address and analyze the best-interest factors.[2] In granting plaintiff's motion to change the children's domicile, the trial court stated on the record that its focus was on the children's best interests. However, the trial court failed to articulate or analyze the best-interest factors as outlined in MCL 722.23. According to defendant, the order permitting plaintiff to move to Texas with the children and the modification of the parenting time order resulted in a change in the children's established custodial environment and, therefore, necessitated the trial court's consideration of the best-interest factors. Defendant is correct that

> once the trial court granted [plaintiff] permission to remove the minor child[ren] from the state, and it became clear that [the] proposed parenting time schedule would effectively result in a change in the child's established custodial environment with both parties, it should have engaged in an analysis of the best interest factors, MCL 722.23, to determine whether [plaintiff] could prove, by clear and convincing evidence, that the removal and consequent change in established custodial environment and parenting time was in the child[ren]'s best interest. [*Brown, supra* at 583.]

We reiterate that the trial court is not required to consider the best-interest factors until it first deter-

---

[2] In so holding, we are mindful that any change in custodial environment, if it did occur, did not arise until after the trial court ruled on plaintiff's change-of-domicile motion. *Brown, supra* at 591 ("The subsequent change of the established custodial environment . . . did not arise until after the trial court had ruled on the change of domicile motion.").

mines that the modification actually changes the children's established custodial environment.

A custodial environment is established if

"over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort. The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered." [*Brown, supra* at 595, quoting MCL 722.27(1)(c).]

Defendant contends that the children had an established custodial environment with both plaintiff and defendant at the time of the evidentiary hearing. It is true that a custodial environment can be established in more than one home. *Mogle v Scriver*, 241 Mich App 192, 197-198; 614 NW2d 696 (2000). The trial court did not make a finding regarding whether an established custodial environment existed with respect to plaintiff or defendant, or both. Whether an established custodial environment exists is a question of fact. *Foskett v Foskett*, 247 Mich App 1, 8; 634 NW2d 363 (2001). However, " '[w]here a trial court fails to make a finding regarding the existence of a custodial environment, this Court will remand for a finding unless there is sufficient information in the record for this Court to make its own determination of this issue by de novo review.' " *Jack v Jack*, 239 Mich App 668, 670; 610 NW2d 231 (2000), quoting *Thames v Thames*, 191 Mich App 299, 304; 477 NW2d 496 (1991). On the record before us, we decline to determine whether an established custodial environment existed with respect to defendant, and we remand for the trial court to make this determination. Because defendant concedes the existence of an established custodial environment with respect to plaintiff, who had physical custody of the children, the trial court

need not, on remand, make a determination regarding the existence of an established custodial environment with respect to plaintiff. If the trial court determines that the existing record is sufficient to permit it to make a determination regarding the existence of an established custodial environment with respect to defendant, it shall make a decision based on the existing record. If the record is not sufficient, however, the trial court shall hold an evidentiary hearing. If the trial court determines that an established custodial environment existed with respect to defendant, then the evidentiary standard will be higher, requiring plaintiff to prove by clear and convincing evidence that a change of domicile to Texas is in the children's best interests.[3] If the trial court determines that an established custodial environment does not exist with respect to defendant, however, the trial court need not apply the higher evidentiary standard or conduct an analysis of the best-interest factors when ruling on plaintiff's motion.

Defendant also challenges the trial court's denial of his motion to change custody without any consideration of the best-interest factors of MCL 722.23. We agree that the court should have reviewed the factors before denying defendant's countermotion. A trial court's resolution of a custody dispute " 'shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue.' " *Harvey v Harvey*, 257 Mich App 278, 283; 668 NW2d 187 (2003), aff'd and clarified 470 Mich 186 (2004), quoting MCL 722.28. The "great weight of the evidence" standard has been described as follows:

---

[3] MCL 722.23, which articulates the best-interest factors, is quoted later in the body of this opinion.

[A] reviewing court should not substitute its judgment
on questions of fact unless they " 'clearly preponderate in
the opposite direction.' " The court should review "the
record in order to determine whether the verdict is so
contrary to the great weight of the evidence as to disclose
an unwarranted finding, or whether the verdict is so
plainly a miscarriage of justice as to call for a new
trial . . . ." [*Fletcher v Fletcher*, 447 Mich 871, 878; 526
NW2d 889 (1994) (internal citations omitted).]

A trial court may modify a custody award when the
moving party establishes that a "change of circum-
stances" has occurred. MCL 722.27(1)(c); *Phillips v
Jordan*, 241 Mich App 17, 24; 614 NW2d 183 (2000). To
establish a "change of circumstances," the moving
party "must prove that, since the entry of the last
custody order, the conditions surrounding custody of
the child, which have or could have a *significant* effect
on the child's well-being, have materially changed."
*Vodvarka v Grasmeyer*, 259 Mich App 499, 513; 675
NW2d 847 (2003) (emphasis in original). "[W]hen a
modification of custody would change the established
custodial environment of a child, the moving party must
show by clear and convincing evidence that it is in the
child's best interest." *Phillips*, *supra* at 25. Plaintiff's
cross-country move with the children amounted to "a
change in circumstances sufficient to reopen a custody
matter." *Sehlke v VanDerMaas*, 268 Mich App 262, 263;
707 NW2d 603 (2005), rev'd in part on other grounds
474 Mich 1053 (2006).[4] In fact, this Court has held that
an in-state move in excess of 100 miles was sufficient to
reopen a custody matter. *Id.*; see also MCL 722.31.
Because the children have an established custodial
environment with plaintiff, defendant was required to

---

[4] This Court had previously ruled that an intrastate move did not
amount to a "change of circumstances" sufficient to reopen a custody
action. *Vodvarka*, *supra* at 509-510.

show "by clear and convincing evidence" that his suggested change of custody would be in the children's best interests. *Phillips, supra* at 25.

The best-interest factors are set forth in MCL 722.23:

> As used in this act, "best interests of the child" means the sum total of the following factors to be considered, evaluated, and determined by the court:

> (a) The love, affection, and other emotional ties existing between the parties involved and the child.

> (b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his or her religion or creed, if any.

> (c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs.

> (d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.

> (e) The permanence, as a family unit, of the existing or proposed custodial home or homes.

> (f) The moral fitness of the parties involved.

> (g) The mental and physical health of the parties involved.

> (h) The home, school, and community record of the child.

> (i) The reasonable preference of the child, if the court considers the child to be of sufficient age to express preference.

> (j) The willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents.

(k) Domestic violence, regardless of whether the violence was directed against or witnessed by the child.

(*l*) Any other factor considered by the court to be relevant to a particular child custody dispute.

We agree with defendant that the trial court improperly denied his motion for a change in custody without making the required findings of fact on the record.

In rendering his or her custody determination, the finder of fact must state his or her factual findings and conclusions under each best interest factor. [*Foskett, supra* at 9.] These findings and conclusions need not include consideration of every piece of evidence entered and argument raised by the parties. [*Id.* at 12, citing MCR 2.517(A)(2), and *Fletcher, supra* at 883. See also *LaFleche v Ybarra*, 242 Mich App 692, 700; 619 NW2d 738 (2000).] However, the record must be sufficient for this Court to determine whether the evidence clearly preponderates against the trial court's findings. [*Foskett, supra* at 5, quoting *LaFleche, supra* at 695.] [*MacIntyre v MacIntyre*, 267 Mich App 449, 451-452; 705 NW2d 144 (2005).]

The trial court made no findings in relation to the best-interest factors and simply denied defendant's motion to change the custody order with no explanation. Contrary to plaintiff's assertion on appeal, the proper remedy when the trial court fails to make findings of fact regarding the best-interest factors is not merely to allow the trial court to enter a written opinion. "Where a trial court fails to consider custody issues in accordance with the mandates set forth in MCL 722.23 'and make reviewable findings of fact, the proper remedy is to remand for *a new child custody hearing.*'" *Foskett, supra* at 12 (emphasis added), quoting *Bowers v Bowers*, 190 Mich App 51, 56; 475 NW2d 394 (1991). In *Foskett*, this Court found that because there was an insufficient evidentiary record to support the trial court's findings, the proper remedy was to

remand the matter for a new hearing. *Id.* at 12-13. In the present case, we remand to the trial court to make a determination whether the current record is sufficient to make the proper evidentiary findings. If, in the opinion of the trial court, the current record is insufficient to make such findings, then it shall conduct a new hearing.

If the trial court finds that the change of domicile changes an established custodial environment with respect to defendant, and the trial court is therefore also required to conduct a best-interest analysis in considering plaintiff's change of domicile motion, it need not conduct two separate hearings to render these decisions. Because defendant is entitled to a new review of the evidence regarding his motion for a change of custody, his assertion that the trial court improperly held a joint hearing regarding the separate motions filed by plaintiff and him has been rendered moot. See *Attorney General v Pub Service Comm*, 269 Mich App 473, 484; 713 NW2d 290 (2006).

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.