*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LYNETTE MARIE LEZOTTE,

        Plaintiff-Appellant,

v

TED CHESTER LEZOTTE,

        Defendant-Appellee.

UNPUBLISHED
July 28, 2022

No. 359357
Ogemaw Circuit Court
Family Division
LC No. 20-651487-DM

Before: MARKEY, P.J., and BOONSTRA and RIORDAN, JJ.

PER CURIAM.

Plaintiff, Lynette Marie Lezotte, appeals by right a judgment of divorce. The trial court awarded plaintiff sole legal custody and primary physical custody of the parties' minor children. The court also granted very limited unsupervised parenting time to defendant, Ted Chester Lezotte. On appeal, plaintiff argues that the trial court failed to make sufficient findings regarding potential harm to the children before deciding to grant defendant parenting time. Plaintiff further contends that, minimally, the parenting time awarded to defendant should have been supervised. Finally, plaintiff maintains that the trial court erred by making the parties equally responsible for a large tax debt. We affirm.

The parties were married for 22 years before plaintiff filed for divorce. They had previously owned a McDonald's franchise in Michigan and enjoyed a high standard of living. In 2015, they sold the franchise. Attempts at starting new businesses in Florida failed, and eventually the couple moved back to Michigan and filed for bankruptcy. At the time of trial, no significant marital assets remained, and the parties had each obtained employment. The parties had nine children together. Only the four youngest children remained minors when judgment was entered, and those children resided with plaintiff. Most of the other children were living with defendant's mother while defendant worked as a long-haul trucker. The divorce was extremely acrimonious. Plaintiff accused defendant of raping her and of being controlling and abusive. She also insinuated that defendant had been grooming their daughters for sexual abuse. Defendant vehemently denied plaintiff's accusations and claimed that plaintiff caused the breakdown of the marriage because she was no longer pleased with the family's financial situation. At trial, three of the adult children testified in favor of defendant, and it was elicited that a fourth adult child was estranged from

plaintiff. The trial court concluded that the parties could not agree on anything related to parenting and that plaintiff would have sole legal custody of the minor children. The trial court also awarded plaintiff primary physical custody of the children. Defendant was granted limited unsupervised parenting time, mainly eight daytime hours every other Sunday. The court additionally determined that a tax debt generated by the sale of the McDonald's franchise would be divided equally between the parties.

Plaintiff first contends that the trial court did not make adequate factual findings with respect to her allegation that spending any time with defendant would endanger the minor children, such that parenting time should have been completely suspended. Plaintiff argues that this fact-finding failure violated the Michigan Court Rules and requires reversal and a remand for further findings.

MCL 722.27a(3) provides that "[a] child has a right to parenting time with a parent unless it is shown on the record by clear and convincing evidence that it would endanger the child's physical, mental, or emotional health." Plaintiff asserts that before awarding defendant any parenting time, the trial court needed to make a determination that there was a lack of clear and convincing evidence that granting parenting time to defendant would endanger the children's physical, mental, or emotional health.

With respect to domestic-relations trials, a trial court, in general, "must make findings of fact as provided in MCR 2.517[.]" MCR 3.210(D). And MCR 2.517(A)(2) provides that "[b]rief, definite, and pertinent findings and conclusions on the *contested* matters are sufficient, without over elaboration of detail or particularization of facts." (Emphasis added.) At the end of the trial in this case, plaintiff's attorney did not request a complete suspension of parenting time but only argued that parenting time should be supervised. Counsel stated, "Maybe some supervision parenting time is workable, I don't know," but he then added, "I'm asking the [c]ourt to continue the supervised parenting time." This was an affirmative acquiescence to parenting time, albeit supervised. Moreover, plaintiff's attorney in closing argument did not argue to the court that parenting time should be suspended because it would endanger the children's physical, mental, or emotional health.[1]

We conclude that plaintiff has waived the present issue for purposes of appellate review. *Hodge v Parks*, 303 Mich App 552, 555; 844 NW2d 189 (2014); see also *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000). Plaintiff cannot complain about the trial court's failure to make a finding under MCL 722.27a(3) when plaintiff's counsel did not request a suspension of parenting time and instead asked for supervised parenting time to continue. Effectively, a suspension of defendant's parenting time was no longer a *contested* matter, and it would have been odd for the court to have made an express finding under MCL 722.27a(3) given plaintiff's attorney's closing argument. Furthermore, given that the trial court did not feel the need to make

---

[1] Earlier in the case this argument had been made, but it was no longer posed to the court at the time of closing arguments.

defendant's parenting time supervised, it is abundantly clear that the court implicitly found that defendant was not a danger to the children's physical, mental, or emotional health.

Plaintiff next argues that the trial court's decision to award defendant unsupervised parenting time was against the great weight of the evidence in light of the evidence of egregiously inappropriate conduct and behavior by defendant. In *Shade v Wright*, 291 Mich App 17, 20-21; 805 NW2d 1 (2010), this Court observed:

> "Orders concerning parenting time must be affirmed on appeal unless the trial court's findings were against the great weight of the evidence, the court committed a palpable abuse of discretion, or the court made a clear legal error on a major issue." *Pickering v Pickering*, 268 Mich App 1, 5; 706 NW2d 835 (2005). Under the great weight of the evidence standard, this Court should not substitute its judgment on questions of fact unless the facts clearly preponderate in the opposite direction. *Rittershaus v Rittershaus*, 273 Mich App 462, 473; 730 NW2d 262 (2007). In child custody cases, "[a]n abuse of discretion exists when the trial court's decision is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Berger v Berger*, 277 Mich App 700, 705; 747 NW2d 336 (2008). Clear legal error occurs "when the trial court errs in its choice, interpretation, or application of the existing law." *Shulick v Richards*, 273 Mich App 320, 323; 729 NW2d 533 (2006).

MCL 722.27a(7) provides:

> The court may consider the following factors when determining the frequency, duration, and type of parenting time to be granted:
>
> (a) The existence of any special circumstances or needs of the child.
>
> (b) Whether the child is a nursing child less than 6 months of age, or less than 1 year of age if the child receives substantial nutrition through nursing.
>
> (c) The reasonable likelihood of abuse or neglect of the child during parenting time.
>
> (d) The reasonable likelihood of abuse of a parent resulting from the exercise of parenting time.
>
> (e) The inconvenience to, and burdensome impact or effect on, the child of traveling for purposes of parenting time.
>
> (f) Whether a parent can reasonably be expected to exercise parenting time in accordance with the court order.
>
> (g) Whether a parent has frequently failed to exercise reasonable parenting time.

(h) The threatened or actual detention of the child with the intent to retain or conceal the child from the other parent or from a third person who has legal custody. A custodial parent's temporary residence with the child in a domestic violence shelter shall not be construed as evidence of the custodial parent's intent to retain or conceal the child from the other parent.

(i) Any other relevant factors.

In *Shade*, 291 Mich App at 31-32, this Court stated that "[c]ustody decisions require findings under all of the best interest factors, but parenting time decisions may be made with findings on only the contested issues." Plaintiff cites *Booth v Booth*, 194 Mich App 284, 292-293; 486 NW2d 116 (1992), wherein the Court explained:

Visitation shall be granted if it is in the best interests of the child and in a frequency, duration, and type reasonably calculated to promote a strong relationship between the child and the parent. In determining the frequency, duration, and type of visitation to be granted, the trial court may consider the reasonable likelihood of abuse or neglect during visitation, and may require that visitation occur in the presence of a third party or agency[.] [Citations omitted.]

In this case, the trial court was presented with evidence of two competing narratives: one painting defendant as a scary, abusive, unfit, manipulative, and dangerous person who often acted inappropriately, and one painting him as a loving, caring, fit, and non-abusive person who did not act inappropriately. We note that there was also conflicting evidence regarding plaintiff's character and conduct, some of which revealed troubling behaviors. The trial court, in the course of its findings, stated that "[b]oth parties undeniably have love and affection for the minor children." The upshot is that there was favorable and unfavorable evidence pertaining to both parties, and "to the extent the court's findings were based on its assessment of the witnesses' credibility, we must defer to the court's determinations given its superior position to make these judgments." *Martin v Martin*, 331 Mich App 224, 239; 952 NW2d 530 (2020) (quotation marks omitted). The evidence did not clearly preponderate in the opposite direction from the court's implicit conclusion that unsupervised parenting time would not be harmful to the children. *Shade*, 291 Mich App at 21. We hold that under all the circumstances, the trial court did not abuse its discretion by issuing the parenting-time order.[2]

Plaintiff lastly contends that the trial court erred by dividing a large tax debt equally between the parties. The debt was incurred from the sale of the McDonald's franchise. Plaintiff contends that she was not aware of the tax debt until one of the businesses in Florida collapsed. She argues that in dividing the debt the trial court should have considered general principles of equity and defendant's financial misdeeds.

---

[2] Plaintiff appears to be taking issue with the court's statement that additional parenting time might be warranted in the future for defendant, but the present appeal solely concerns the judgment of divorce.

The trial court found that both parties were employed and that spousal support was not warranted. In light of the bankruptcy and general financial distress, there were no substantial assets to be divided. Regarding the tax debt, the trial court ruled:

> This debt was incurred from the sale of the McDonald's restaurant and the parties[] chose to invest the proceeds in a failed business venture rather than paying the taxes due on the sales proceeds. Plaintiff claims that this debt should be Defendant's debt alone since he controlled the finances and she had little input on what happened with the money gained from the sale. The [c]ourt disagrees and finds that she cannot enjoy the fruits of the marital business decisions for 17 years and then disavow herself the debt that comes from those same business decisions. The [c]ourt would find that each party is equally responsible for the tax debt.

At trial, defendant testified that he and plaintiff had owned the Pinconning McDonald's franchise and that the tax debt belonged to both parties. Defendant indicated that after repaying certain other debts, they netted about $850,000 from the sale of the franchise, and that the tax due should have been paid from those funds. That was in January 2015. The couple then used the money to try to start various businesses, which did not work out, and they also bought a new Cadillac. Defendant asserted that he and plaintiff had no choice but to file for bankruptcy, which was finalized in July 2020. He claimed that plaintiff was "involved in all the decisions." Defendant explained that plaintiff had enjoyed the financial benefits of the business during the 22-year marriage, including trips, jewelry, and clothing.

Plaintiff admitted that the McDonald's income had been the family's income. She claimed that defendant hid financial circumstances from her, but she also acknowledged that sometimes he brought her financial documents to sign[3] and that she attended a meeting in connection with the couple's bankruptcy. Under all of the circumstances, we conclude that the trial court's division of the marital debt was fair and equitable. See *Butler v Simmons-Butler*, 308 Mich App 195, 208-210; 863 NW2d 677 (2014).[4]

We affirm.

/s/ Jane E. Markey
/s/ Mark T. Boonstra
/s/ Michael J. Riordan

---

[3] We acknowledge that defendant stated that he signed plaintiff's name on their 2019 tax return because she "always had [him] sign her name to everything."

[4] We fully recognize that the Internal Revenue Service (IRS), as a third-party not involved in the divorce litigation, is not bound by the divorce judgment and can collect the debt in whatever manner it desires consistent with federal law. See *Souden v Souden*, 303 Mich App 406, 410; 844 NW2d 151 (2013). If the debt is paid unequally by the parties to the IRS, the remedy is to seek reimbursement from the party who did not pay his or her equal share in a postjudgment motion in the trial court.