*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* SKRZYSINSKI/HUGO/FACUNDO, Minors.

UNPUBLISHED
November 21, 2023

No. 365809
Bay Circuit Court
Family Division
LC No. 23-013527-NA

Before: GLEICHER, P.J., and SWARTZLE and YATES, JJ.

PER CURIAM.

Respondent father appeals as of right the trial court's order after a preliminary hearing authorizing petitioner's termination petition and removing his minor children, RS, RH, and IF, from his care. He challenges the evidentiary support for the removal order and the sufficiency of the trial court's factual findings. Because petitioner presented sufficient evidence to warrant the children's removal and made the requisite findings justifying its decision, we affirm.

## I. BACKGROUND

Petitioner filed a permanent custody petition requesting that the trial court exercise jurisdiction over the children and terminate respondent's parental rights to RS, RH, and IF under MCL 712A.19b(3)(b)(i) (parent's act caused physical injury or physical or sexual abuse), MCL 712A.19b(3)(g) (failure to provide care or custody), MCL 712A.19b(3)(j) (reasonable likelihood of harm if returned to parent), and MCL 712A.19b(3)(k)(ii) (parent abused the child or sibling of the child via criminal sexual conduct). The petition alleged that during a forensic interview one of IF's half-siblings, 15-year-old BF, reported that respondent sexually abused her and had threatened to "assault" IF if BF disclosed respondent's conduct. The petition further alleged that respondent had an extensive criminal history. At the time, IF lived with respondent, and IF and BF's mother lived in a substance abuse treatment facility. RS and RH lived with their mothers. Following a preliminary hearing—at which Mark Schlopert, a Child Protective Services (CPS) investigator, was the sole witness—the trial court authorized the petition and ordered the minor children to be removed from respondent's care and placed with their mothers. This appeal followed.

Petitioner's arguments center on the fact that Schlopert did not actually participate in BF's forensic interview. Harley Steele, another CPS worker involved in an investigation of BF and IF's

-1-

mother regarding substance abuse and domestic violence, personally observed the interview. Scholpert's preliminary hearing testimony concerning BF's forensic interview rested on Steele's recounting of what had occurred; he did not independently interview respondent due to the pending criminal investigation into the sexual conduct allegations. Schlopert recommended placing all the minor children with their mothers. The trial court questioned whether IF's mother was an appropriate placement, and Schlopert responded that CPS and the substance abuse facility did not harbor any concerns, and would continue to monitor her participation in substance abuse treatment.

## II. STANDARDS OF REVIEW

We review a trial court's findings of fact for clear error. *In re Benavides*, 334 Mich App 162, 167; 964 NW2d 108 (2020). A finding is only clearly erroneous if an appellate court "is left with a definite and firm conviction that a mistake has been made." *In re Diehl*, 329 Mich App 671, 687; 944 NW2d 180 (2019), lv den 507 Mich 851 (2021) (quotation marks and citation omitted). We review de novo the interpretation and application of statutes and court rules. *In re Ferranti*, 504 Mich 1, 14; 934 NW2d 610 (2019).

## III. ANALYSIS

Respondent contends that the trial court erred by removing RS, RH, and IF from his care and custody because petitioner failed to establish by a preponderance of the evidence, and the trial court failed to sufficiently articulate on the record, that (1) the children were at a substantial risk of harm, (2) the children's immediate removal was necessary to protect their health and safety, and (3) the custody conditions away from respondent were adequate to safeguard the children's health and welfare.

At a preliminary hearing, a trial court "must decide whether to authorize the filing of the petition and, if authorized, whether the child should remain in the home, be returned home, or be placed in foster care pending trial." *In re McCarrick/Lamoreaux*, 307 Mich App 436, 448; 861 NW2d 303 (2014), quoting MCR 3.965(B)(12). If the trial court authorizes the filing of the petition, it may order the placement of the child in foster care, but only after making required findings on certain criteria. MCR 3.965(B)(13)(b). Further, "[u]nless the child remains in the home, the court shall comply with the placement provisions in MCR 3.965(C) and must make a written determination that the criteria for placement listed in MCR 3.965(C)(2) are satisfied." MCR 3.974(B)(2). To remove a child, a trial court "must make explicit findings that 'it is contrary to the welfare of the child to remain at home,' MCR 3.965(C)(3), and 'reasonable efforts to prevent the removal of the child have been made or that reasonable efforts to prevent removal are not required,' MCR 3.965(C)(4)." *Ferranti*, 504 Mich at 21. MCL 712A.13a provides, in pertinent part, as follows:

> (9) The court may order placement of the child in foster care if the court finds all of the following conditions:
>
> (a) Custody of the child with the parent presents a substantial risk of harm to the child's life, physical health, or mental well-being.

(b) No provision of service or other arrangement except removal of the child is reasonably available to adequately safeguard the child from risk as described in subdivision (a).

(c) Continuing the child's residence in the home is contrary to the child's welfare.

(d) Consistent with the circumstances, reasonable efforts were made to prevent or eliminate the need for removal of the child.

(e) Conditions of child custody away from the parent are adequate to safeguard the child's health and welfare. [*Benavides*, 334 Mich App at 168, quoting MCL 712A.13a(9) (quotation marks omitted)].

MCR 3.965(C)(2) is materially identical to MCL 712A.13a(9), including the same subdivisions (a) through (e) as in the statute. Respondent challenges the trial court's findings with respect to the factors in subdivisions (a), (b), and (e) of the statute and Court Rule. He argues that the evidence insufficiently supported removal, pointing to the court's reliance on hearsay testimony from a single witness who "lacked personal knowledge," and that the trial court failed to make the statutorily-required factual findings.

Relying on *In re Williams*, 333 Mich App 172; 958 NW2d 629 (2020), respondent incorrectly asserts that a preponderance of the evidence standard applied to the removal decision made at the preliminary hearing. In *Williams*, this Court, addressing the grounds for pretrial removal under MCL 712A.13a(9) and MCR 3.965(C)(2), stating, "The 'preponderance of the evidence' standard 'applies to cases where the court is merely assuming jurisdiction over the child and not terminating the parent's rights in that child.' " *Id*. at 183 (quoting *In re Martin*, 167 Mich App 715, 725; 423 NW2d 327 (1988)). Notably, the court did not assume jurisdiction over the children at the preliminary hearing here. Further, *Martin*—on which *Williams* relied—did not involve a challenge to a child's pretrial removal, and the language at issue in *Martin* was specific to the standards of proof applicable during *adjudication*, not at a preliminary hearing or any other pretrial proceedings. See *In re Martin*, 167 Mich App at 725 ("[T]he preponderance of the evidence standard *applies to adjudicative hearings* while the clear and convincing standard applies to termination proceedings.") (quotation marks and citation omitted; emphasis added).

Nevertheless, to the extent that *Williams* applied a preponderance of the evidence standard to any proceeding involving the pretrial removal of a child, including a preliminary hearing, this language is nonbinding dictum. See *Estate of Pearce v Eaton County Rd Comm*, 507 Mich 183, 197; 968 NW2d 323 (2021) ("Unlike holdings, [o]biter dicta are not binding precedent. Instead, they are statements that are unnecessary to determine the case at hand and, thus, lack the force of an adjudication.") (quotation marks and citation omitted; alteration in original). Specifically, *Williams* did not hold that the evidence in that case was insufficient under any particular standard of proof; instead, it reversed because the lower court made *no findings whatsoever* on factors (b) and (d) and made "ambiguous and incomplete" findings regarding factor (e) contrary to the requirements of MCL 712A.13a(9) and MCR 3.965(C)(2). *Williams*, 333 Mich App at 183-185.

Our Supreme Court in *Ferranti*, 504 Mich 1, has articulated the procedure applicable in child protective proceedings, in relevant part, as follows:

After receiving the petition, the trial court must hold a preliminary hearing and may authorize the filing of the petition upon a finding of probable cause that one or more of the allegations are true and could support the trial court's exercise of jurisdiction under MCL 712A.2(b). [*Id*. at 15, citing MCR 3.965(B).]

See also MCR 3.965(B)(12) ("[At a preliminary hearing], the court must decide whether to authorize the filing of the petition and, if authorized, whether the child should remain in the home, be returned home, or be placed in foster care pending trial. The court may authorize the filing of the petition upon a showing of *probable cause*, unless waived, that one or more of the allegations in the petition are true and fall within MCL 712A.2(b).") (emphasis added). Following *Ferranti* and the underlying court rule governing preliminary hearings in child protective proceedings, the trial court did not err by applying the probable cause standard at the preliminary hearing here.

Next, to the extent respondent faults the trial court for relying on inadmissible hearsay testimony from Schlopert, his argument is unavailing. A trial court's findings at a preliminary hearing "may be made on the basis of hearsay evidence that possesses adequate indicia of trustworthiness." MCR 3.965(C)(3). See also MCR 3.965(B)(12) ("[At a preliminary hearing, t]he Michigan Rules of Evidence do not apply . . . ."). Respondent's additional argument, that Schlopert did not have personal knowledge of the events at issue, is similarly unpersuasive. The probable cause determination includes a finding that it is "contrary to the welfare of the child to remain at home," and this finding "may be made on the basis of hearsay evidence that possesses adequate indicia of trustworthiness." MCR 3.965.

The trial court made sufficient findings on the record to satisfy its obligations under MCL 712A.13a(9) and MCR 3.965(C)(2). A trial court is generally not obligated to articulate extensive findings regarding every conceivable detail. *Rittershaus v Rittershaus*, 273 Mich App 462, 475; 730 NW2d 262 (2007), citing MCR 2.517(A)(2). However, when a statute or court rule requires factual findings as to an enumerated list of factors, the trial court must make a record of its findings as to each and every factor sufficient for this Court to conduct a meaningful review. *Id*.

The trial court made specific factual findings on the record and recommended the children be removed from respondent. In its oral declarations at the preliminary hearing and in its signed order on April 13, 2023, the trial court explicitly found that: (1) the children's custody with respondent would place them at substantial risk of harm; (2) no reasonably available service would adequately safeguard the children from the risk of harm; (3) permitting the children's residence with respondent would be contrary to their welfare; (4) consistent with the circumstances, reasonable efforts to prevent removal were previously made and no longer necessary pursuant to MCL 722.638; and (5) conditions of custody away from respondent were adequate to safeguard the children. While the trial court did not provide any particular reasoning to justify these findings, it still made explicit findings on each factor (a) through (e) as required under MCL 712A.13a(9) and MCR 3.965(C)(2) sufficient for this Court to conduct a meaningful review on appeal.

Lastly, the court's findings regarding factors (a), (b), and (e) were all adequately supported by the record. With respect to factor (a), the trial court found that the children were at a substantial risk of harm under respondent's care due to the underlying sexual abuse allegations. Respondent argues there was no indication that RS, RH, and IF were at risk of harm under his care because he only allegedly threatened to harm IF if BF revealed the alleged sexual assault, and never harmed

-4-

IF despite the disclosure. However, how a parent treats one child is probative of how that parent may treat other children. *In re AH*, 245 Mich App 77, 84; 627 NW2d 33 (2001). BF disclosed in a forensic interview that respondent sexually abused her and threatened IF. Allegations of the sexual abuse of the one child may support a trial court's finding of a substantial risk of harm to other children who are in a respondent's care. Consequently, the trial court appropriately evaluated respondent's potential risk to RS, RH, and IF by analyzing how respondent treated IF's half-sibling, BF.

Regarding factor (b), because this case is based on accusations of sexual abuse, separation from respondent was the only approach reasonably available to alleviate the risk of harm to the children. Concerning factor (e), RS and RH were placed with their mothers before these child protective proceedings, and there were no allegations asserted against either mother. Thus, the conditions of placement were adequate to safeguard RS and RH. The trial court further determined it was appropriate to place IF with his mother after Schlopert confirmed that CPS and the mother's substance abuse facility had no concerns with that arrangement. Furthermore, Schlopert maintained that DHHS would continue to monitor the situation regarding IF in case the mother attempted to leave the facility before completing her treatment program.

Respondent additionally argues that Schlopert was unprepared and had limited knowledge of the allegations in the petition. However, when reviewing for clear error, this Court gives "due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296; 690 NW2d 505 (2005). We afford deference to the trial court's credibility determinations and its weighing of evidence. *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011). Nothing in the record leaves us with a definite and firm conviction that a mistake was made, especially since Schlopert provided details regarding the underlying DHHS and law enforcement investigations concerning BF's sexual abuse allegations. Respondent has failed to establish any error during the removal proceedings warranting reversal.

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Brock A. Swartzle
/s/ Christopher P. Yates