*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JENNIFER LYNN VANNATTER,

        Plaintiff-Appellant,

v

KEVIN ALLEN VANNATTER,

        Defendant-Appellee.

UNPUBLISHED
July 1, 2021

No. 355388
Newaygo Circuit Court
LC No. 12-051127-DM

Before: STEPHENS, P.J., and BECKERING and O'BRIEN, JJ.

PER CURIAM.

In this child-custody dispute, plaintiff, Jennifer Vannatter, appeals as of right the trial court's order granting defendant Kevin Vannatter's motion for change of domicile and modification of parenting time. On appeal, plaintiff argues that the trial court abused its discretion and clearly erred when it granted defendant's motion because its findings regarding the change of domicile and best-interest factors were against the great weight of the evidence. We affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiff and defendant were married in 2004. They divorced in 2012, when plaintiff was living in Grant, Michigan, and defendant was living in Newaygo, Michigan. From 2016 until 2019, the parties shared joint legal and physical custody of their two minor children, CV and JV, and the kids would spend two weeks with defendant, then two weeks with plaintiff. In late 2019, defendant filed a motion to modify parenting time and for a change of domicile. He raised several concerns about plaintiff's lifestyle decisions that he felt affected the children and the children's education and attendance when with plaintiff, and he and his wife, Kelly Vannatter, wished to move to Arkansas with the kids. In early January 2020, defendant amended his motion so as to seek a change of domicile and to modify custody and parenting time. While awaiting an evidentiary hearing, defendant and Kelly moved to Arkansas, and the parties stipulated to an order regarding parenting time in the interim, with defendant assuming responsibility for transporting the children to and from Michigan.

After an evidentiary hearing at which the parties each testified at length, the trial court issued a written opinion and subsequent order granting defendant's motion. The court reviewed

and analyzed the five *D'Onofrio*[1] factors set forth in MCL 722.31(4), and determined that the proposed change of domicile had the capacity to improve the quality of life for defendant and the children. It found that an established custodial environment existed with both parents, and that the change in domicile would alter the established custodial environment. Upon review of the best interest factors set forth in MCL 722.23, the trial court concluded that defendant had established by clear and convincing evidence that the proposed change was in the children's best interests. The trial court ruled that defendant would have the children for most of the school year, with plaintiff having a rotating calendar of parenting time during school breaks, including summers and some holidays. This appeal followed.

## II. ANALYSIS

On appeal, plaintiff argues that the several of the trial court's findings with respect to the *D'Onofrio* and best-interest factors were against the great weight of the evidence. We disagree.

> This Court reviews a trial court's decision regarding a motion for change of domicile for an abuse of discretion and a trial court's findings regarding the factors set forth in MCL 722.31(4) under the "great weight of the evidence" standard. An abuse of discretion is found only in extreme cases in which the result is so palpably and grossly violative of fact and logic that it evidences a perversity of will or the exercise of passion or bias. This Court may not substitute its judgment on questions of fact unless the facts clearly preponderate in the opposite direction. However, where a trial court's findings of fact may have been influenced by an incorrect view of the law, our review is not limited to clear error. A trial court's findings regarding the existence of an established custodial environment are reviewed under the "great weight of the evidence" standard and must be affirmed unless the evidence clearly preponderates in the opposite direction. This Court reviews questions of law de novo. [*Rains v Rains*, 301 Mich App 313, 324-325; 836 NW2d 709 (2013) (quotation marks and citations omitted; alteration omitted).]

In *Rains*, this Court explained the process that a trial court must use when deciding a motion for change of domicile:

> A motion for a change of domicile essentially requires a four-step approach. First, a trial court must determine whether the moving party has established by a preponderance of the evidence that the factors enumerated in MCL 722.31(4), the so-called *D'Onofrio* factors, support a motion for a change of domicile. Second, if the factors support a change in domicile, then the trial court must then determine whether an established custodial environment exists. Third, if an established custodial environment exists, the trial court must then determine whether the change of domicile would modify or alter that established custodial environment. Finally, if, and only if, the trial court finds that a change of domicile would modify or alter the child's established custodial environment must the trial court determine

---

[1] *D'Onofrio v D'Onofrio*, 144 NJ Super 200, 206-207; 365 A2d 27 (Super Ct Ch Div, 1976).

whether the change in domicile would be in the child's best interests by considering whether the best-interest factors in MCL 722.23 have been established by clear and convincing evidence. [*Id*. at 325.]

## A. D'ONOFRIO FACTORS

Our Legislature codified the *D'Onofrio* factors that a trial court must consider, set forth in MCL 722.31(4), as follows:

Before permitting a legal residence change otherwise restricted by subsection (1), the court shall consider each of the following factors, with the child as the primary focus in the court's deliberations:

(a) Whether the legal residence change has the capacity to improve the quality of life for both the child and the relocating parent.

(b) The degree to which each parent has complied with, and utilized his or her time under, a court order governing parenting time with the child, and whether the parent's plan to change the child's legal residence is inspired by that parent's desire to defeat or frustrate the parenting time schedule.

(c) The degree to which the court is satisfied that, if the court permits the legal residence change, it is possible to order a modification of the parenting time schedule and other arrangements governing the child's schedule in a manner that can provide an adequate basis for preserving and fostering the parental relationship between the child and each parent; and whether each parent is likely to comply with the modification.

(d) The extent to which the parent opposing the legal residence change is motivated by a desire to secure a financial advantage with respect to a support obligation.

(e) Domestic violence, regardless of whether the violence was directed against or witnessed by the child.

In this case, plaintiff contests the trial court's findings regarding factors (a), (b), and (c).[2]

As to factor (a), the trial court found that the move to Arkansas would improve the standard of living for both the parent and the children. Plaintiff maintains that it became "readily apparent" from the testimony that the real reason defendant wanted to move to Arkansas was for the benefit of himself and wife Kelly, not for the children. They testified that they were tired of Michigan winters, and there were more year-round recreational activities in Arkansas. Plaintiff contends

---

[2] In regard to factors (d) and (e), the trial court did not believe that the proposed change was motivated by any financial gain by either party, and there was no testimony regarding domestic violence. Plaintiff does not challenge the trial court's findings on these factors.

that the reason for the move "has to be something more than just having fun with the children." Plaintiff also highlights that there was no testimony about what educational, medical, and counseling services would be available to CV in Arkansas.

However, plaintiff fails to establish that the trial court's conclusion in regard to factor (a) was against the great weight of the evidence. In support of its determination of this factor, the trial court relied on defendant's and Kelly's testimonies about their employment situations. Although defendant was making $1 an hour less in Arkansas than he did in Michigan, he was now a supervisor instead of a laborer, had two weeks' vacation annually, and he would be eligible for several pay grade raises. It also pointed out Kelly's testimony that she doubled her income since moving, had more vacation time, and that the cost of living in Arkansas was lower. The trial court opined that the additional vacation time and income will allow defendant, Kelly, and the boys more time to do things outside year-round with more ease. The trial court noted Kelly's testimony that she and defendant planned to buy a house in Arkansas, which was something Kelly did not believe they would be able to do in Michigan. The court noted that defendant and Kelly have extended family who live in Arkansas with whom they frequently interact. And it took note of the fact that the boys had already spent time in Arkansas, including most of the previous summer, and that this long stay went well. Finally, the trial court addressed testimony regarding the children's schooling and defendant's concerns about plaintiff being lax in that regard. While plaintiff offers a contrary interpretation of the evidence and identifies other information that could have been addressed, she does not show that the evidence on the record clearly preponderates in the opposite direction with respect to factor (a) and whether it supported the move. See *Rains*, 301 Mich App at 324.

As for factor (b), regarding the degree to which each parent has complied with parenting time and whether the motion was inspired by a desire to frustrate the other parent's time with the children, the trial court found that except for the period after he moved to Arkansas, defendant had utilized all of his parenting time. It also took note of testimony that during plaintiff's parenting time, CV spent a lot of time with "defendant/father's parents." Upon articulating other findings, the trial court concluded that defendant's request for a change of domicile was not inspired by a desire to defeat or frustrate the parenting-time schedule. While plaintiff does not dispute the trial court's determination on this factor, she points out that the testimony reflected that CV spent time at *her* parents' house—not defendant's parents' house—on weekends. Even accepting this correction, plaintiff's argument does not negate the trial court's concern that the boys often spent weekends during plaintiff's parenting time somewhere other than her home. Plaintiff does not identify any contradictory testimony regarding defendant's compliance with parenting time or that suggests that the basis of his request was to defeat or frustrate the parenting-time schedule. Therefore, plaintiff fails to demonstrate that the evidence clearly preponderates against the trial court's determination on this factor. See *id*.

In regard to factor (c), regarding the degree to which the court is satisfied that it can modify a parenting time schedule in a way that still preserves and fosters the parental relationship between each child and each parent, the trial court found that a parenting-time schedule could be developed so as to accomplish this goal. Plaintiff argues that the parenting time the trial court ordered for her—essentially spring break, summer, and Christmas—is not enough to preserve and foster the parental relationship she has built with the children, and she is "fearful that the Defendant will engage in parental alienation, making things as difficult as possible for the Plaintiff to maintain a relationship with the children." But there was no evidence raising any concern of parental

-4-

alienation by either party. Plaintiff cannot demonstrate that the evidence clearly preponderates against the trial court's conclusion on this factor. See *id*.

Because the trial court's findings were not against the great weight of the evidence, plaintiff has failed to establish error with respect to the *D'Onofrio* factors.[3]

## B. BEST INTEREST FACTORS

Plaintiff argues that the trial court erred in concluding that defendant established, by clear and convincing evidence, that the move was in the children's best interests. As previously noted, a trial court's findings regarding each custody factor should be affirmed unless the evidence clearly preponderates in the opposite direction. *Vodvarka v Grasmeyer*, 259 Mich App 499, 507; 675 NW2d 847 (2003) (quotation marks and citation omitted).

A trial court must resolve custody disputes by determining what is in the children's best interests, as measured by the factors set forth in MCL 722.23. The factors the trial court must consider are:

(a) The love, affection, and other emotional ties existing between the parties involved and the child.

(b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his or her religion or creed, if any.

(c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs.

(d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.

(e) The permanence, as a family unit, of the existing or proposed custodial home or homes.

(f) The moral fitness of the parties involved.

(g) The mental and physical health of the parties involved.

(h) The home, school, and community record of the child.

---

[3] Plaintiff does not raise any issue regarding the trial court's finding that the children had an established custodial relationship with both parents, and that the change of domicile would alter that established custodial environment. See *Rains*, 301 Mich App at 325. Thus, we will not revisit the trial court's rulings with respect to those findings.

(i) The reasonable preference of the child, if the court considers the child to be of sufficient age to express preference.

(j) The willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents. A court may not consider negatively for the purposes of this factor any reasonable action taken by a parent to protect a child or that parent from sexual assault or domestic violence by the child's other parent.

(k) Domestic violence, regardless of whether the violence was directed against or witnessed by the child.

(*l*) Any other factor considered by the court to be relevant to a particular child custody dispute. [MCL 722.23.]

Although the trial court must consider each factor, it need not comment on every matter in evidence or accept or reject every proposition argued. See *Baker v Baker*, 411 Mich 567, 583; 309 NW2d 532 (1981). It also need not give equal weight to each factor but may weigh them as appropriate to the circumstances. See *Sinicropi v Mazurek*, 273 Mich App 149, 184; 729 NW2d 256 (2006). To facilitate review, the record need only be sufficient for the appellate court to determine whether the evidence clearly preponderates against the trial court's findings. See *MacIntyre v MacIntyre (On Remand)*, 267 Mich App 449, 452; 705 NW2d 144 (2005).

On appeal, plaintiff challenges the trial court's findings with respect to best-interest factors (b), (d), (e), (h), and (*l*).[4]

The trial court, and the parties on appeal, focus the most attention on factor (b). Factor (b) considers the "capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his or religion or creed, if any." MCL 722.23(b). The trial court found that this factor favored defendant, and plaintiff fails to demonstrate that the evidence clearly preponderates in her favor. See *Vodvarka*, 259 Mich App at 507. In making her argument, plaintiff ignores testimony that defendant is working less hours and has more time off at his new job in Arkansas, which the trial court determined will allow defendant to better attend school meetings than he did when he lived in Michigan. Additionally, plaintiff appears to simply ask this Court to throw out the trial court's credibility determinations in regard to CV's school and medical issues. The trial court acknowledged plaintiff's testimony about CV's alleged autism diagnosis, including the report that discussed a possible diagnosis, and plaintiff's testimony about an individualized education plan (IEP), for which plaintiff provided no documentary evidence. But it found plaintiff's testimony wanting. Furthermore, plaintiff provides

---

[4] The trial court determined that factors (a), (c), (d), (g), (j), and (k) favored both parties equally. It further concluded that factors (b) and (h) favored defendant, while factor (e) favored defendant slightly. The court opined that no evidence was presented in regard to factor (f), and it did not consider factor (*l*). As for factor (i), the trial court stated that it considered the children's preferences but it did not provide any further elaboration.

no evidence that rebuts the trial court's finding that CV missed several weeks of school after defendant left Michigan but before COVID-19 shut down his school. In short, plaintiff provides little reason for this Court to disturb these credibility determinations or disregard the trial court's conclusion as to this factor. See *Berger v Berger*, 277 Mich App 700, 707; 747 NW2d 336 (2008) (deferring to the trial court's credibility determination).

Factor (d) considers the "length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity." MCL 722.23(d). Plaintiff argues that factor (d) should be deemed in her favor, even though the trial court treated it as equal. Plaintiff reiterates her arguments raised under factor (b). Additionally, plaintiff notes that it is defendant who moved to Arkansas, which is "an entirely new environment for the children." Plaintiff argues that her housing situation is better than defendant's. And she argues that the boys' relationship with her daughter will be significantly diminished if defendant's motion is granted. But she fails to demonstrate that the evidence clearly preponderates against the trial court's determination. See *Vodvarka*, 259 Mich App at 507. Although the trial court did not explain its decision to treat this factor as equal, in making her argument, plaintiff ignores defendant's and Kelly's testimonies that the boys' vacationed in Arkansas and spent the previous summer there. Therefore, plaintiff's argument that Arkansas is an "entirely new environment" is an oversimplification. Plaintiff also ignores testimony that the boys had a good relationship with Kelly's older children, who are in Arkansas.

Factor (e) considers the "permanence, as a family unit, of the existing or proposed custodial home or homes." MCL 722.23(e). In regard to factor (e), plaintiff argues that the trial court's finding that this factor slightly favored defendant is contrary to the trial testimony. But it is not clear that trial court erred in its determination. See *id*. The trial court acknowledged that before defendant's move to Arkansas, the parties resided in the same locations for a significant period of time. However, the trial court concluded that defendant's stability appeared to be "slightly better" because he had maintained the same spouse, while plaintiff had introduced several different significant others to the children. The trial court further pointed out that the children appeared to have a good relationship with Kelly. We also note that the trial court found that this factor "slightly" favored defendant and did not appear to place much weight on it.

Factor (h) considers the "home, school, and community record of the child. MCL 722.23(h). Plaintiff again reiterates her arguments in regard to Factor (b). Despite the parties sharing joint legal custody, plaintiff also argues that she alone has been taking the boys to appointments. She contends that defendant cannot blame her for not having information that he could have obtained himself. Although defendant knew CV had a long history of getting into trouble at school, defendant never took proactive measures—as plaintiff did—to get CV tested or to get him help. JV's success is instructive to a determination that CV's issues are unique to his needs and are not because of plaintiff's actions or inactions. Plaintiff's argument fails because it is merely a contrary interpretation of some of the testimony. Indeed, the court observed that CV had many absences and had been suspended on several occasions mostly during plaintiff's parenting time. See *id*. Moreover, plaintiff's argument presumes that the evidence clearly showed that CV had autism and an IEP. The trial court explained that it did not believe that plaintiff fully advised defendant, and maybe did not fully understand, CV's educational requirements and diagnosis. As a result, plaintiff does not meet her burden to demonstrate that this Court should

disturb the trial court's credibility determinations on these questions. See *Berger*, 277 Mich App at 707.

Factor (*l*) considers "any other factors considered by the court to be relevant to a particular child custody dispute." MCL 722.23(l). Plaintiff claims that the trial court should have considered that the boys interact with her daughter daily when they are in her care, and that their relationship with her daughter will be significantly diminished if the motion is granted. But even if the trial court did consider this factor, it would likely also consider the boys' relationship with Kelly's children, and it is unlikely that this consideration would affect the court's decision whether to grant the motion.

In sum, the trial court's findings concerning the best-interest factors were not against the great weight of the evidence.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Jane M. Beckering
/s/ Colleen A. O'Brien