*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TORREA MICHELLE WILLIAMS,

        Plaintiff-Appellant,

v

ROBERT LAMONT RAMBERT,

        Defendant-Appellee.

UNPUBLISHED
April 16, 2026
2:05 PM

No. 377028
Oakland Circuit Court
LC No. 2020-500689-DM

Before: GADOLA, C.J., and MURRAY and M. J. KELLY, JJ.

PER CURIAM.

In this child-custody dispute, plaintiff appeals by right the trial court's order denying her motion for a change of domicile of the parties' child, RLR, and granting defendant's motion to modify legal custody. We vacate the trial court's order and remand for further proceedings consistent with this opinion.

## I. FACTUAL BACKGROUND

Plaintiff and defendant were married in September 2014, and RLR was born the following year. The parties were divorced under a 2020 consent judgment of divorce, which awarded plaintiff sole legal and physical custody of RLR. The parties agreed that defendant would be permitted 52 overnight visits per calendar year, but plaintiff has consistently permitted him more visits. At the time of the relevant proceedings, defendant saw RLR four days per week, with overnight visits from Friday afternoon to Sunday evening.

RLR was diagnosed with Level 3 autism, and is considered nonverbal. He participates in a number of therapies related to his autism, including applied behavioral analysis (ABA) therapy, occupational therapy, and speech therapy. Plaintiff located and selected the organizations that provide these therapies. After trying two different elementary schools, plaintiff determined that RLR's needs were not being met, so she withdrew RLR from traditional school and began to homeschool him.

There was no court involvement in the parties' parenting arrangements after their divorce was finalized in October 2020 until 2024 when plaintiff moved to change RLR's domicile to Texas.

-1-

Defendant, in turn, moved to amend the parties' custody arrangements so that he would share joint legal custody with plaintiff. A referee conducted an evidentiary hearing regarding the requested changes, and thereafter filed a proposed opinion denying plaintiff's request for a change of domicile and granting defendant's motion to modify custody. After plaintiff retained legal counsel and objected to the referee's recommendation, the trial court conducted a de novo evidentiary hearing on plaintiff's objections.

After the hearing, the court issued a written opinion finding that RLR had an established custodial environment with both plaintiff and defendant, and that the proposed change in domicile would alter that established custodial environment. Consequently, the court analyzed each of the statutory best-interest factors to determine whether the proposed change in domicile would be in RLR's best interests. The court ultimately determined that "it is in the best interest of the minor child to maintain the current custodial environment with active participation from both parents that includes a custody agreement and parenting time arrangement that reflects the parties' current arraignment [sic]." The court's order did not, however, include a substantive analysis of defendant's request for a change in legal custody. The court denied plaintiff's request for a change in domicile and granted defendant's motion to modify custody. Plaintiff moved for reconsideration, which was denied.

## II. PLAINTIFF'S MOTION FOR CHANGE OF DOMICILE

On appeal, plaintiff argues that the trial court erred by failing to make clearly articulated findings supporting each of the best-interest factors when analyzing the proposed change of domicile and reaching conclusions on the best-interest factors that were against the great weight of the evidence. As discussed below, we agree that the trial court's findings as to factors (a) and (b) in the best-interest analysis were deficient such that we are unable to review whether the trial court's findings as to those factors were against the great weight of the evidence.

### A. STANDARDS OF REVIEW

"This Court reviews a trial court's decision regarding a motion for change of domicile for an abuse of discretion . . . ." *Rains v Rains*, 301 Mich App 313, 324; 836 NW2d 709 (2013). An abuse of discretion "is found only in extreme cases in which the result is so palpably and grossly violative of fact and logic that it evidences a perversity of will or the exercise of passion or bias." *Id*. (quotation marks and citations omitted). Questions of law are reviewed de novo, as are issues of statutory construction. *Id*. at 325. See also *Sinicropi v Mazurek*, 273 Mich App 149, 155; 729 NW2d 256 (2006).

In this appeal we must review the trial court's findings on the best-interest factors in MCL 722.23. "The trial court's factual findings on matters such as the . . . best-interests factors are reviewed under the great weight of the evidence standard and will be affirmed unless the evidence clearly preponderates in the opposite direction." *Sinicropi*, 273 Mich App at 155 (quotation marks and citations omitted). In conducting this review we must defer to the trial court's credibility determinations. *Id*.

## B. LEGAL FRAMEWORK FOR CHANGE OF DOMICILE

Generally speaking, "a parent whose custody or parenting time of a child is governed by [court] order shall not change the legal residence of the child except in compliance with . . . MCL 722.31." *Moote v Moote*, 329 Mich App 474, 478; 942 NW2d 660 (2019) (quotation marks and citation omitted; alterations in original). However, when as here the parent seeking the change of domicile has sole legal custody, the court does not need to consider the factors enumerated in MCL 722.31(4). MCL 722.31(2); *Spires v Bergman*, 276 Mich App 432, 437; 741 NW2d 523 (2007).

Once the trial court makes a determination that a change of domicile is warranted, it must then examine whether an established custodial environment exists. *Rains*, 301 Mich App at 327. A custodial environment is established "if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort." MCL 722.27(1)(c). Further, an established custodial environment "may exist with both parents where a child looks to both the mother and the father for guidance, discipline, the necessities of life, and parental comfort." *Berger v Berger*, 277 Mich App 700, 707; 747 NW2d 336 (2008).

After the trial court determines that a change of domicile is warranted and there is an established custodial environment, it must then determine whether the proposed change in domicile would modify the child's established custodial environment. *Rains*, 301 Mich App at 328. If it would change the established custodial environment, "the party requesting the change of domicile must prove by clear and convincing evidence that the change is in the child's best interests." *Id*.

In making its best-interest determination, "a trial court must consider all the factors delineated in MCL 722.23(a)-(*l*) applying the proper burden of proof . . . ." *Griffin v Griffin*, 323 Mich App 110, 119; 916 NW2d 292 (2018) (quotation marks and citation omitted). In making its findings, "a trial court need not necessarily engage in elaborate or ornate discussion because brief, definite, and pertinent findings and conclusions regarding the contested matters are sufficient." *Plachta v Plachta*, ___ Mich App ___, ___; ___ NW3d ___ (2026) (Docket No. 374260); slip op at 5 (quotation marks and citation omitted). See also MCR 2.517(A)(2). A trial court's findings and conclusions need not include every piece of evidence entered and every argument raised by the parties, but "the record must be sufficient for this Court to determine whether the evidence clearly preponderates against the trial court's findings." *MacIntyre v MacIntyre (On Remand)*, 267 Mich App 449, 452; 705 NW2d 144 (2005).

## C. SUFFICIENCY OF TRIAL COURT'S FINDINGS

Neither party on appeal challenges the trial court's conclusion that, under MCL 722.31(2), it did not need to analyze the factors in MCL 722.31(4) because plaintiff had sole custody, or that RLR had an established custodial environment with both parents, and that plaintiff's requested change of domicile would significantly alter the established custodial environment.

Rather, plaintiff argues that the trial court failed to articulate findings of fact that would support its conclusions on factors (a), (b), and (j)[1], rendering the record inadequate to engage in proper appellate review. To this point, for factors (a) and (b), the trial court simply concluded that "this factor is equal between the parties," and did not explain which facts or evidence supported this conclusion. Yet it should have, since when a court determines that a factor is relevant it must make a record "sufficient for this Court to determine whether the evidence clearly preponderates against the trial court's findings." *MacIntyre*, 267 Mich App at 452. Absent any explanation for its conclusion, this Court is unable to conduct a meaningful review of whether the trial court's findings were "independently supported or otherwise corroborated by the evidence on the record . . . ." *Foskett v Foskett*, 247 Mich App 1, 13; 634 NW2d 363 (2001). "Where a trial court fails to consider custody issues in accordance with the mandates set forth in MCL 722.23 and make reviewable findings of fact, the proper remedy is to remand for a new child custody hearing." *Id*. at 12 (quotation marks and citation omitted).

By not providing any rationale for its conclusion that factors (a) and (b) were "equal between the parties," we cannot adequately review the trial court's findings. Accordingly, we vacate the court's best-interest determination related to plaintiff's requested change of domicile and remand for the court to provide findings on factors (a) and (b). The court may consider any up to date evidence on those two factors.

### D. MCL 722.23(d)

Plaintiff disputes the trial court's finding that factor (d) weighed against the proposed change of domicile. This factor requires the court to analyze the "length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity." MCL 722.23(d). The court found that RLR's environment "has been in existence since [the parties] finalized their divorce in October 2020." Further, the court highlighted defendant's desire to maintain the continuity of RLR's environment and his testimony that RLR would be negatively impacted by moving to Texas because RLR would not be able to see defendant regularly.

The court's conclusion was not against the great weight of the evidence. *Kuebler v Kuebler*, 346 Mich App 633, 683-684; 13 NW3d 339 (2023). Defendant testified that he and RLR share a close bond and that RLR is his best friend. He explained that RLR has a routine, and RLR understands that on Tuesdays, Fridays, Saturdays, and Sundays, he will be with defendant. Due to the importance of routine in RLR's life, defendant testified that the change would negatively impact RLR and that RLR would not be able to function and may even become depressed. Again,

---

[1] Plaintiff argued that the trial court's analysis of factor (j) was inadequate because the court did not explain how its findings under this factor related to its overall conclusion that the factor weighed against plaintiff's request for a change of domicile. However, because the court made factual findings that it viewed as relevant to its ultimate conclusion that this factor weighed against the change in domicile, we believe that plaintiff's argument is more appropriately considered a challenge to the court's conclusion on this issue, not a challenge to the sufficiency of the court's findings.

the court found this testimony credible, and this Court must defer to the trial court's credibility determinations. *Kuebler*, 346 Mich App at 683-684.

Plaintiff emphasizes that the trial court failed to analyze "whether there was any desire in maintaining the continuity [RLR] had with plaintiff, namely residing with her for the majority of the time; having plaintiff schedule, coordinate transportation for, and attend all of [RLR's] appointments; as well as the fact that plaintiff's other sons would be relocating with plaintiff, which helped maintain [RLR's] continuity in that he would still be residing with the same people that he had been for the entirety of his life." This argument is unpersuasive for two reasons. First, it ignores the fact that RLR sees defendant four days every week, so he would go from seeing defendant every few days to only seeing him during the summer and holidays. As discussed above, this would be a change in RLR's environment that would be negatively impacted by the move to Texas.

Second, this argument is a straw man because it presupposes that plaintiff would relocate to Texas without RLR if her motion to change domiciles is denied, which is not supported by the record. More specifically, plaintiff argues that a change in domicile would maintain RLR's continuity of environment because plaintiff would continue to reside with him and coordinate his care in Texas. But the continuity of RLR's environment with plaintiff would also be maintained if he continued to reside with her and she coordinated his therapies *in Michigan* if she is not permitted to move him to Texas. Accordingly, plaintiff's argument that the court did not appropriately weigh the importance of maintaining RLR's environment with plaintiff is not persuasive because he will continue to reside with her and she will be involved in his care whether she is permitted to relocate him to Texas or whether she must keep him in Michigan. Plaintiff has not demonstrated that the trial court's conclusion was against the great weight of the evidence. See *Kessler v Kessler*, 295 Mich App 54, 65; 811 NW2d 39 (2011) (concluding that factor (d) favored father when mother planned to relocate to Florida because the children "had never lived in Florida, much less lived there for any 'length of time,' so there could be no continuity to maintain with respect to that environment").

E. MCL 722.23(j)

Finally, plaintiff contends that the trial court erred when it concluded that factor (j) weighed against the proposed change of domicile. Under factor (j), the trial court must evaluate the "willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent . . . ." MCL 722.23(j).

Here, the trial court found that the parties "have the present ability to be able to discuss medical care, educational needs, religion, and other big decisions and to arrive at the appropriate decision for the minor child." However, the court also noted that the parties have not historically been able to agree because their discussions lead to an argument, and plaintiff does not have the obligation to reach an agreement with defendant because she has sole legal custody. The court concluded that this factor weighed against the proposed change in domicile.

This Court has opined that factor (j) "favors parents who facilitate the relationship of their children with the other parent because it is presumed to be in the children's best interests to have a strong relationship with both parents." *Kuebler*, 346 Mich App at 686 (quotation marks and

citation omitted). "A parent's fabrications of abuse, or other conduct designed to obstruct or sabotage the opposing parent's relationship with the child, may be considered under Factor (j)." *Id.*

Plaintiff argues that the court did not connect its factual findings (i.e., that the parties are unable to reach agreements because their discussions lead to arguments) with its ultimate conclusion that factor (j) weighed against plaintiff's proposed change of domicile. However, as noted above, this factor favors parents who facilitate the relationship between the child and his or her other parent, and disfavors parents whose conduct obstructs or sabotages the opposing parent's relationship with the child. *Id.* Defendant testified that when he tries to become more involved in RLR's care or discuss issues related to RLR's care with plaintiff, she threatens to cut off his access to RLR:

> Any time I challenge her I won't see him. She just throw her weight around, you know, always throwing up in my face she doesn't have to tell me nothing. I try to do certain stuff, I can't do it because I have no power as far as add to the list to pick [up] RLR for my wife and my family members. And she tell them no, that, don't let me add no one to the list to pick him up because she's sole custody.

This echoes the testimony defendant gave to the referee that plaintiff either reduced his parenting time with RLR or threatened to do so when they have disagreements:

> Because every time [mother] and I have a disagreement, she won't let me see him. Sometime ago, I filed a motion with the Court, stating that I haven't seen him in four weeks. She's always throwing it up in my face that she has sole custody. She don't have to let me get him. She don't have to let me see him. She makes all the decisions. She runs this, and she's always throwing it up in my face, and it's like, okay, I play an important role in his life, too.

Consequently, there was evidence in the record that plaintiff threatened to withhold defendant's parenting time during arguments with father, which limited his ability to participate in decisions related to RLR's care. Under factor (j), this weighs against plaintiff and her requested change in domicile. As this Court must defer to the trial court's determination of defendant's credibility, plaintiff has not demonstrated that the court's conclusion goes against the great weight of the evidence.

## III. CHANGE IN CUSTODY

We now turn to plaintiff's challenge to the order granting a change in legal custody.

## A. STANDARDS OF REVIEW

"All custody orders must be affirmed on appeal unless the circuit court's findings were against the great weight of the evidence, the circuit court committed a palpable abuse of discretion, or the circuit court made a clear legal error on a major issue." *Plachta*, ___ Mich App at ___; slip op at 2 (quotation marks and citation omitted). See also MCL 722.28. Under this standard,

(1) a reviewing court should not substitute its judgment on questions of fact unless the factual determination clearly preponderates in the opposite direction; (2) an abuse of discretion occurs if the result is so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias; and (3) clear legal error exists when a court incorrectly chooses, interprets, or applies the law." [*Sabatine v Sabatine*, 513 Mich 276, 284; 15 NW3d 204 (2024) (quotation marks and citations omitted).]

These standards recognize that "trial courts are in a superior position to make accurate decisions concerning the custody arrangement that will be in a child's best interests." *Id*. at 285 (quotation marks and citation omitted).

## B.  LEGAL FRAMEWORK FOR CHANGE OF CUSTODY

The Child Custody Act, MCL 722.21 *et seq*., distinguishes between physical custody and legal custody. *Grange Ins Co of Mich v Lawrence*, 494 Mich 475, 511; 835 NW2d 363 (2013). "Physical custody pertains to where the child shall physically 'reside,' whereas legal custody is understood to mean decision-making authority as to important decisions affecting the child's welfare." *Id*. However, even though the act distinguishes between physical and legal custody, this Court has applied the same standards to trial court decisions modifying physical custody and legal custody. *Merecki v Merecki*, 336 Mich App 639, 647; 971 NW2d 659 (2021).

Under MCL 722.27(1)(c), a trial court may modify or amend its previous custody orders or judgments "for proper cause shown or because of change of circumstances until the child reaches 18 years of age . . . ." Consequently, "a party seeking to modify an existing child custody order must first establish proper cause or a change of circumstances before the trial court may reopen the custody matter and hold a hearing to assess whether the proposed modification is in the child's best interests." *Merecki*, 336 Mich App at 645-646. To change custody, "a proper cause or change in circumstance is a significant circumstance regarding one or more of the best-interest factors that has the potential for a significant effect on the well-being of the child or children whose custody is at issue." *Id*. at 646 (quotation marks and citation omitted).

When analyzing whether a change in custody is warranted, the court must examine the request within the context of the child's established custodial environment. See MCL 722.27(1)(c), and *Sabatine*, 513 Mich at 286. The legal framework applicable to a potential change is dependent on whether the proposed change would alter the established custodial environment:

When considering an important decision affecting the welfare of the child, the trial court must first determine whether the proposed change would modify the established custodial environment of that child. In making this determination, it is the child's standpoint, rather than that of the parents, that is controlling. If the proposed change would modify the established custodial environment of the child, then the burden is on the parent proposing the change to establish, by clear and convincing evidence, that the change is in the child's best interests. Under such circumstances, the trial court must consider all the best-interest factors because a case in which the proposed change would modify the custodial environment is

essentially a change-of-custody case. On the other hand, if the proposed change would *not* modify the established custodial environment of the child, the burden is on the parent proposing the change to establish, by a preponderance of the evidence, that the change is in the child's best interests. [*Id.*, quoting *Pierron v Pierron*, 486 Mich 81, 92-93; 782 NW2d 480 (2010).]

When evaluating whether to award joint legal custody, the court is required to consider "[w]hether the parents will be able to cooperate and generally agree concerning important decisions affecting the welfare of the child." MCL 722.26a(1)(b); *Bofysil v Bofysil*, 332 Mich App 232, 249; 956 NW2d 544 (2020).

## C. PROPER CAUSE OR CHANGE OF CIRCUMSTANCES

Plaintiff argues that defendant failed to meet the "proper cause" standard that would justify revising the parties' custody arrangement. Because the trial court failed to address this threshold issue before revising the legal custody arrangement, and it is unclear from the record whether the standard is met, we agree that order must be vacated.

In the trial court's written order, after its lengthy analysis of plaintiff's request for a change of domicile, the court concluded with the following:

Having considered the above best interest factors, the Court finds that it is in the best interest of the minor child to maintain the current custodial environment with active participation from both parents that includes a custody agreement and parenting time arrangement that reflects the parties' current arraignment [sic].

The court then granted defendant's motion to modify custody and ordered that "the parties shall develop a new custody agreement and parenting time arrangement that reflects the parties' current arrangement."

In doing so, however, the court failed to analyze whether defendant had established, by a preponderance of the evidence, that proper cause or a change of circumstances warranted revisiting the custody arrangement. Although this error does not always require a remand if our Court can determine from the record evidence that proper cause or a change of circumstance existed, see *Merecki*, 336 Mich App at 647, like in *Merecki*, it is unclear from the record whether there was proper cause or a change in circumstances that would warrant a change to the legal custody arrangement. RLR was diagnosed with autism in 2018, which was before the parties separated and before they entered into the existing custody arrangement. Likewise, although the custody arrangements permit defendant 52 overnight visits per year, defendant has had consistently more, including weekend visitation with RLR since the time of the divorce. Consequently, it does not appear that there has been a significant change to defendant's visitation such that a change to the legal custody agreement is warranted. In the end, we are unable to discern from the record whether there is proper cause or change of circumstances that would warrant revisiting the legal custody agreement. Defendant argues in his appellate brief that the trial court found there was proper cause to revisit the custody agreement, but the trial court's order does not explicitly do so. The trial court erred when it did not make a finding on this threshold determination. *Merecki*, 336 Mich App at 649-650.

Similarly, the trial court never made the threshold determination of whether modifying legal custody would change RLR's established custodial environment with both parties. See MCL 722.27(1)(c). Consequently, the court did not state the burden of proof it was employing when it determined that a modification of the legal custody arrangement was in RLR's best interests. The trial court's failure to make this required finding precludes appellate review of both the appropriate burden of proof and whether the trial court's conclusion that defendant had met this burden was contrary to the great weight of the evidence. "[O]ur Court has been steadfast that the failure to articulate the burden of proof being applied is reversible error." *Plachta*, ___ Mich App at ___; slip op at 4. On remand, the trial court must make the determination of whether joint legal custody will change RLR's established custodial environment before deciding whether joint legal custody is in RLR's best interests under the applicable burden of proof. *Id*.

## D. BEST-INTEREST DETERMINATION

After conducting the threshold determination of whether modifying legal custody would change the established custodial environment and identifying the applicable burden of proof, "the trial court is required to consider the 12 best-interest factors found in MCL 722.23 and to apply the appropriate standard of proof." *Kuebler*, 346 Mich App at 671. "A trial court must consider and explicitly state its findings and conclusions with respect to each of these factors." *Id*. (quotation marks and citation omitted).

Here, the trial court did not conduct this required analysis for defendant's requested change of custody. Although the court did go through the required analysis for plaintiff's request to change the child's domicile, the factual findings and conclusions were narrowly tailored to the proposed change in domicile. For example, when evaluating factor (d) regarding the desirability of maintaining the continuity of environment, the court analyzed the effects of plaintiff's proposed move to Texas and ultimately concluded that "this factor weighs against granting the Domicile Motion." The court did not, however, analyze whether this or any other factor weighed for or against modifying the legal custody arrangement that had been in place since the parties' divorce. The court is not required to make separate findings of fact on all the best interest factors if some are not relevant, but its conclusions on those relevant factors must be stated separately with regard to its custody decision. See *Quint v Quint*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 368002); slip op at 8-9. Here, the court did not consider any of the required factors as they relate to the proposed change in legal custody, requiring a remand for the trial court to do so. See *Kubicki v Sharpe*, 306 Mich App 525, 545; 858 NW2d 57 (2014).

## E. ABILITY OF PARTIES TO COOPERATE

Finally, plaintiff argues that the trial court erred when it failed to consider whether the parties would be able to cooperate and agree on important decisions regarding RLR's life. Again, we agree that this issue must be addressed on remand.

Under MCL 722.26a(1)(b), when a court is considering joint custody, the court should consider "[w]hether the parents will be able to cooperate and generally agree concerning important decisions affecting the welfare of the child." This is because "[i]n order for joint custody to work, parents must be able to agree with each other on basic issues in child rearing—including health care, religion, education, day to day decision-making and discipline—and they must be willing to

cooperate with each other in joint decision-making." *Bofysil*, 332 Mich App at 249 (quotation marks and citation omitted). However, the parties' general inability and unwillingness to communicate, alone, is not sufficient to eliminate joint legal custody as an option. *Id*. at 249-250. When the parties are unable to communicate in a civil manner, "socially distant parental interactions may be an appropriate method for maintaining a safe and efficient approach to shared parenting responsibilities." *Id*. at 250. Joint legal custody should not be considered when the relationship between the parties has "irreconcilably broken down" and the parties "are unable to cooperate and to agree generally concerning important decisions affecting the welfare of their children." *Id*. at 249 (citations and quotation marks omitted). In other words, when the parties have a "deep-seated animosity" and "an irreconcilable divergence in their opinions about how to foster [their] child's well-being," joint legal custody ceases to be an option. *Wright v Wright*, 279 Mich App 291, 299-300; 761 NW2d 443 (2008).

Here, the court did not explicitly address whether the parties would be able to cooperate and jointly make major decisions affecting RLR's life. Although the record reflects that the parties "cannot have a civil conversation without butting heads," under *Bofysil*, this does not take joint legal custody off the table. Rather, the court must determine whether the parties will be able to cooperate and agree on important decisions regarding RLR's welfare, even if they need to find some alternate way to communicate. *Bofysil*, 332 Mich App at 249-250.

For these reasons the trial court's order on plaintiff's motion to change domicile and defendant's motion to change custody is vacated, and the matter is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ Michael J. Kelly